**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000412
13-AUG-2014
08:58 AM**

NO. CAAP-14-0000412

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CONTINENTAL PACIFIC, LLC, by their Managing Agent
ELITE PACIFIC PROPERTIES, LLC, Plaintiff-Appellee,
v.
SIMPLICIO CABAN and LENORA G. CABAN, ANGEL A. ADVERSALO
and DONNA L. SHLACHTER, JAZZAREAH NICOLE REYNON, RODNEY
MOLIA SALANOA, ALLAN DAYLE TEJADA, MILTON PATRICK
CAULFORD, and LYNNE LAGUA, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 1RC13-1-2495, 1RC13-1-2479, 1RC13-1-2482,
1RC13-1-2481, 1RC13-1-2480, 1RC13-1-2484, 1RC13-1-2483)

ORDER GRANTING THE JUNE 18, 2014 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon consideration of "Plaintiff-Appellee Continental
Pacific, LLC's Motion to Dismiss Appeal" (**Motion to Dismiss**) and
the papers in support, filed on June 18, 2014 by Plaintiff-
Appellee Continental Pacific, LLC by their Managing Agent Elite
Pacific Properties, LLC (**Appellee**); the "Opposition to Motion to
Dismiss" (**Opposition**), filed on July 24, 2014 by Defendants-
Appellants Simplicio Caban and Leonora G. Caban (**the Cabans**),

Angel A. Adversalo (**Adversalo**), Donna L. Shlachter (**Shlachter**), Jazzareah Nicole Reynon (**Reynon**), Rodney Molia Salanoa (**Salanoa**), Allan Dayle Tejada (**Tejada**), Milton Patrick Caulford (**Caulford**), and Lynne Lagua (**Lagua**) (collectively, **Appellants**);[1] and the files and record herein,[2] the Motion to Dismiss is granted.

On January 27, 2014, the District Court of the First Circuit (**district court**) issued a "Memorandum of Decision and Order as to Summary Possession." On January 30, 2014, the district court entered Judgments for Possession and Writs of Possession against Appellants and in favor of Appellee. On February 2, 2014, Appellants filed a notice of appeal through which they appeal from the Judgments for Possession.

Although the Judgments for Possession did not resolve all the claims in the underlying cases, the Hawai'i Supreme Court has recognized an exception to the finality requirement under the Forgay doctrine. See Forgay v. Conrad, 47 U.S. 201 (1848); Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, "[w]e have jurisdiction to consider appeals from judgments which 'require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if

---

[1] In addition to arguing that the appeal should be dismissed on mootness grounds, Appellee asserts in its Motion to Dismiss that the Cabans and Reynon have agreed in writing to dismiss their respective appeals. Appellants' Opposition states that the Cabans, Reynon, Caulford, Lagua, and Salanoa are excluded from the appeal, subject to the condition that Appellee's counsel provide Appellants' counsel with the entire dismissal agreements.

[2] We note that Appellee filed a reply to Appellants' Opposition on August 1, 2014. However, Hawai'i Rules of Appellate Procedure (HRAP) Rule 27 does not authorize a reply, and Appellee did not seek permission of this court to file a reply. We therefore will not consider Appellee's reply in deciding the Motion to Dismiss.

appellate review had to wait the final outcome of the litigation.'" Ciesla, 78 Hawai'i at 20, 889 P.2d at 704 (citation and brackets omitted). For this appeal, however, we conclude that the appeal must be dismissed because it is moot.

In Hamilton ex rel. Lethem v. Lethem, 119 Haw. 1, 5, 193 P.3d 839, 843 (2008), the Hawai'i Supreme Court stated:

> It is well-settled that:
>
>> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised.
>
> Lathrop [v. Sakatani, 111 Hawai'i 307, 312-13, 141 P.3d 480, 485-86 (2008)] (citations omitted) (format altered); see also In re Doe Children, 105 Hawai'i 38, 57, 93 P.3d 1145, 1164 (2004) (stating that "the two conditions for justiciability relevant on appeal [are] adverse interest and effective remedy").

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation marks, brackets, and citation omitted). Further, "a case is moot if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (internal quotation marks, brackets, emphasis, citation, and block quotation format omitted).

In this case, it is undisputed that Appellants have all vacated their respective properties. In addition, with the

exception of Adversalo and Shlachter, Appellants signed documents in which they agreed to vacate their respective properties in exchange for Appellee's agreement to, among other things, forgo seeking attorneys' fees and costs incurred in the summary possession proceedings. We note that Appellants argue that Tejada's agreement was subsequently invalidated for various reasons.

However, regardless of the validity of the agreements to vacate, Appellants have vacated their respective properties and it appears that the writs of possession were not executed. "The termination of possession without execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and of the writ itself." Crown Properties, Inc. v. Financial Sec. Life Ins. Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985).

Furthermore, Appellants' leases have terminated, and Appellants have not demonstrated an entitlement to regain possession based on their leases, even if this court were to vacate the Judgments for Possession. Accordingly, this appeal is moot. See Exit Co Ltd. P'ship v. Airlines Capital Corp., Inc., 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988) (determining in a summary possession case that an appeal from a judgment for possession is moot where the appellant legally cannot regain possession of the subject premises, i.e., the Lease is "not subject to renewal or extension," should the judgment for

possession be vacated by the appellate court).[3]

IT IS HEREBY ORDERED that the Motion to Dismiss is granted. The appeal in No. CAAP-14-0000412 is dismissed.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, August 13, 2014.

*Craig H. Nakamura*

Chief Judge

*Alexa D.M. Fujise*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge

---

[3] To the extent that the Cabans, Reynon, and other Appellants have entered into agreements with Appellee to dismiss their respective appeals, such agreements provide an additional ground as to those Appellants for dismissing the appeal.